IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMANATULLAH, *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 10-0536 (RCL) |
| ) | |
| BARACK OBAMA, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**PETITIONERS' RESPONSE TO RESPONDENTS'
NOTICE TO COURT REGARDING NEW STATUTE**

On January 13, 2012, the government filed a Notice informing the Court of sections 1021 and 1024 of the National Defense Authorization Act for Fiscal Year 2012 ("NDAA"), Pub. L. No. 112-81. Section 1021 merely restates the detention authority already claimed by Respondents in this matter, stating that "[n]othing in this section is intended to limit or expand the authority of the President." NDAA § 1021(d). The President's signing statement confirms that Section 1021 is "unnecessary" because it "breaks no new ground" and "does nothing more than confirm" authority already claimed prior to the legislation's passage. Statement by the President on H.R. 1540.[1] Without conceding that the legislation and the Executive's sweeping claim of global internment authority are consistent with domestic or international law, Petitioner emphasizes that, because the NDAA does not purport to alter the status quo in this regard, it cannot justify further delay in the instant litigation.

Section 1024 provides that within 90 days of the enactment of the NDAA, the Secretary of Defense "shall submit . . . a report setting forth the procedures for determining the status of

---

[1] *Statement of the President on H.R. 1540*, Office of the Press Sec'y (Dec. 31, 2011), *available at* http://www.whitehouse.gov/the-press-office/2011/12/31/statement-president-hr-1540 (last visited Feb. 4, 2012).

- 2 -

persons . . . who will be held in long-term detention under the law of war pursuant to the Authorization for Use of Military Force." NDAA § 1024(a)-(b). The government does not claim that any new procedures under the NDAA will apply to Petitioner, Gov't Notice at 3, nor does it submit or request further briefing on that issue. Section 1024, therefore, should be immaterial to the jurisdictional issues presented in the government's pending motion to dismiss.

The government's Notice states, however, that the government will "further notify the Court" to "the extent new procedures are determined to apply to Petitioner." *Id.* This is not a reasonable ground to delay decision on the pending motion to dismiss. Petitioner respectfully requests that the Court resolve the motion on the existing record and legal framework, without awaiting further notice from the government on the outcome of its internal decision-making on new procedures under the NDAA.

Dated: February 6, 2012

Respectfully submitted,

| /s/ Tina Foster | /s/ Eric Lewis |
|---|---|
| Tina M. Foster | Eric Lewis |
| Golnaz Fakhimi* | A. Katherine Toomey |
| International Justice Network | Lewis Baach Pllc |
| P.O. Box 610119 | 1201 F Street NW |
| New York, NY 11361 | Washington, DC 20004 |
| Tel: 718-717-8467 | Tel: 202-833-8900 |
| | |
| Counsel for Petitioners | Counsel for Petitioners |

*not yet admitted*